COPY

Peter R. Afrasiabi, Esq. (Bar No. 193336)
   pafrasiabi@onellp.com
John Tehranian, Esq. (CA Bar No. 211616)
   jtehranian@onellp.com
Imran F. Vakil, Esq. (Bar No. 248859)
   ivakil@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
West Tower, Suite 1100
Newport Beach, CA 92660
Phone:   (949) 502-2870
Facsimile:  (949) 258-5081

*Attorneys for Plaintiff,*
*Ventura Content Ltd.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV12-05716 MMM(MRWx)

| | |
|---|---|
| VENTURA CONTENT LTD. an Anguillan corporation,<br><br>    Plaintiff,<br><br>v.<br><br>GOTYS PRODUCTIONS, INC. D/B/A CLIPHUNTER.COM, a Seychelles Corporation; GREEN PARK HOLDINGS, LLC, a Pennsylvania limited liability company; JUSTIN ELEAZER, an individual; and DOES 1-10 inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMPLAINT**

Ventura Content Ltd., by and through their attorneys of record, complains against Gotys Productions, Inc. d/b/a Cliphunter.com, Green Park Holdings, LLC, Justin Eleazer, and DOES 1-10 inclusive, (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for copyright infringement in breach of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

3. This Court has personal jurisdiction over Defendants. Amongst other things, Defendants have engaged in direct, contributory, vicarious, and/or otherwise induced acts of copyright infringement in this judicial district. Further, Defendants have engaged in continuous and systematic business in California and, upon information and belief, derive substantial revenues from commercial activities in California. Plaintiff is informed and believes and, upon such, alleges that Defendants have also engaged in a multiplicity of acts directed toward California, including without limitation: soliciting and engaging in numerous commercial transactions with California users, operating highly interactive websites that permit Defendants' California users to upload and download infringing and unlawful files, publishing advertisements on www.cliphunter.com geo-targeted to California users, and using the lure of infringing materials to openly encourage California users to visit www.cliphunter.com. As a result, there is a direct and substantial nexus between Ventura's claims in this case and Defendants' transaction of business with their California users. Moreover, Defendants' website lies at the most interactive end of the *Zippo* spectrum in terms of its overall design, use and functionality.

## PARTIES

4. Plaintiff Ventura Content Ltd. ("Ventura") is an Anguillan corporation with its principal place of business in Anguilla. Ventura owns copyrights in certain adult-oriented content and distributes such content throughout the United States including in this District through its affiliates and licensees located in the United States. Ventura has produced content in California through its agents who, at all relevant times, were registered to do business in California. Further, Ventura hosts its online content in California. The primary market for Ventura's content is in the United States, and virtually all of its business operations relating to the matters at issue in this case are conducted in the United States through its affiliated companies and licensees. Ventura owns each of the relevant copyrights at issue in this litigation..

5. Plaintiff is informed and believes and, upon such, alleges that Defendant Gotys Productions, Inc. d/b/a Cliphunter.com ("Gotys"), is a Seychelles corporation, with a listed address at State House Avenue, Suite 206, Victoria House, Victoria - Mahe, Seychelles.

6. Plaintiff is informed and believes and, upon such, alleges that Green Park Holdings, LLC ("Green Park") is a Pennsylvania corporation with a registered office address at 28 Simmons Hall, Po Box 10292, State College, PA 16805.

7. Plaintiff is informed and believes and, upon such, alleges that Justin Eleazer ("Eleazer") is an individual who resides in State College, Pennsylvania.

8. The above-identified defendants are, on information and belief, alter egos of each other and have a tangled set of relationships. One or all are responsible in part for the copyright infringement that occurred on the website www.cliphunter.com. The above defendants are, on information and belief, engaged in a coordinated scheme to undermine the copyright laws by way of stealing copyrighted videos of content owners, such as Plaintiff Ventura, using those video on their web sites and then gaining significant traffic to their Website as a result of the high quality adult video.

9. In the marketplace, high-end, professional adult content carries tremendous value. Ventura has licensed such content to major content outlets. Ventura is in the market of providing these videos, on an exclusive and non-exclusive basis, to major outlets.

10. High-end, professional adult video is amongst the most valued internet commodities to generate traffic to websites. Defendants herein have driven massive traffic to their Website in part due to the presence of the sought after and searched-for high quality and professionally made adult videos, particularly those featuring recognizable actors and actresses. All of this traffic translates into significant advertising revenue. As such, content websites may effectively monetize the content on their websites by securing eyeballs on the sites which translates to ad revenue.

11. Defendants appear to be part of a coordinated scheme to generate massive web traffic and then monetize that traffic.

12. According to Gotys' Interim Designation of Agent Notification of Claimed Infringement application ("Goyts' DMCA Registration"), apparently first filed on or after March 15, 2012, Gotys does business as the following service providers: www.cliphunter.com, www.pichunter.com, and www.pichunterblog.com (collectively the "Hunter Websites").

13. Notwithstanding Goyts' DMCA Registration, the internet "whois" records for Hunter Websites reveals that pichunterblog.com is owned by Defendant Green Park. Thus, on information and belief, all of the Hunter Websites are collectively owned by Green Park and Gotys.

14. Green Park is owned by Defendant Eleazer. Thus, on information and belief, Eleazer owns Gotys as well. Further, Plaintiff is informed and believes and, upon such, alleges that Eleazer is the chief operator of all the Hunter Websites, including the www.cliphunter.com (the "Website" or "www.cliphunter.com"), which is the platform through which the copyright infringement complained of in this lawsuit arises.

15. Thus, Plaintiff is informed and believes and, upon such, alleges that Gotys, Green Park, and Eleazer collectively own and/or operate www.cliphunter.com.

16. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants. Plaintiff believes that some of the DOE defendants are partial owners of Gotys/Green Park or contribute heavily to the Website's content, and are personally liable for the copyright infringement complained of herein.

## FACTS COMMON TO ALL COUNTS

### Plaintiff's business and copyrights:

17. Ventura is a prominent high quality adult video agency. Through its affiliates and related companies in the United States, it has invested and continues to invest hundreds of thousands of dollars annually to cultivate and distribute its videos because the Copyright Act protects its economic incentive to do so. Ventura, through its affiliated companies, distributes and publicly displays and performs these works (within the meaning of the Copyright Act), and/or licenses them for distribution and/or public performance: (a) through websites owned by its affiliated companies (such as www.pinkvisual.com, www.pinkvisualpass.com, and www.ipinkvisualpass.com) and a small number of other authorized Internet distribution channels; (b) on DVD and other video formats; and (c) by telecast on pay-per-view television systems.

18. Ventura owns numerous copyrights for its high quality adult videos, including in each of the works listed in Exhibit A hereto. Ventura is the owner of each of these works by virtue of being the author of the works or by means of a valid, written assignment from its original owner. Each of these works has been registered in the United States Copyright Office in accordance with the provisions of the United States Copyright Act. Ventura owns both the copyrights in these compilations as well as all of the constituent

**COMPLAINT**

copyrighted elements contained therein including all new matter and preexisting materials (which consist of copyrighted videos also owned by Ventura).

<u>Defendant's business and their unlawful acts:</u>

19. Defendants own, operate, and profit from its website located at www.cliphunter.com, which provides access to a library of online adult videos that Internet users may view free of charge. According to the Alexa.com and QuantCast.com, www.cliphunter.com , is in the top 1,400 websites within the United States, and reaches an audience of 600,000 to 1,000,000 people in the U.S. per day.

20. Using the anonymity and power of the Internet, Defendants steal copyrighted content on a massive scale for their own benefit by allowing their users to upload, view, and obtain copies of a vast library of infringing adult video content for free.

21. Defendants appear to maintain the fiction that they offer a forum for users to upload and share their own original "user-generated" adult video content; however, in reality, they function as repositories for large collections of copyrighted, professionally made adult videos, including works belonging to Ventura. For example, Defendants' Website contain a prominent link for users to "Upload Video[s]," but the vast majority of videos contained on the sites are not "user generated," but rather comprised of professionally made, copyrighted content.

22. The cornerstone of the Defendants' business plan is their ability to offer their users access to free, copyrighted adult videos as a means to attract users to their sites. www.cliphunter.com is extremely popular, generating a substantial volume of unique views each month. Defendants use this traffic to generate money for themselves and their related businesses by selling advertising space and various third-party services. Defendants have amassed substantial profits by appropriating the value of content they do not own on a massive scale without payment to, or any permission from, the copyright owners.

23. Defendants openly promote and enable infringement of adult entertainment content by users of the Website. For example, Defendants provide users with the ability to search for videos of "pornstars," i.e., professional actors who appear in studio-produced

videos. Moreover, Defendants openly encourage users to "stream without having to download our sex movies to your computer … [www.]Cliphunter.com is the [] most advanced and revolutionary porn tube site offering a huge database of pornstars" and seek to attract users to their Website touting "[i]t's all here and 100% free porn."

24. Defendants are not only enabling massive infringement by their users, they knowingly distribute, display, and publicly perform the copyrighted works uploaded to the Website. Defendants host copies of the infringing videos on servers they control, they create their own copies of the videos in the desired format, and they publicly perform and display the infringing videos.

25. In an attempt to service its audience, Defendants have reproduced, publicly distributed and publicly displayed photographs belonging to Ventura via their website, www.cliphunter.com, without permission, consent, or license.

26. Despite having no permission, consent, or license to do so, beginning on April 2011 and continuing presently, Defendants reproduced, publicly distributed and publicly displayed, as well as made available for other's download and display, certain professionally made adult videos (the "Videos") belonging to Ventura. A list of these valid copyrighted works (i.e. the Videos) infringed by Defendants herein is attached to this Complaint as Exhibit A.

27. Ventura filed for copyright registration of the Videos within 90 days of their authorship and first publication. The Videos are the subject of the copyright registrations identified in Exhibit A.

28. The Videos had substantial monetary value for Ventura.

29. Defendants' infringement of Ventura's copyrighted works (as identified in Exhibit A) began well before the Goyts' DMCA Registration was ever filed.

## FIRST CLAIM FOR RELIEF

(**Copyright Infringement Against all Defendants**)

30. Plaintiff Ventura incorporates here by reference the allegations in paragraphs 1 through 29 above.

31. Ventura is the owner of all rights, title and interest in the copyrights to the Videos, which substantially consist of material wholly original with Plaintiff and which are copyright subject matter under the laws of the United States. Ventura has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Videos have been registered with the United States Copyright Office.

32. Defendants, including DOE Defendants and www.cliphunter.com's principals whose full identity is not known today, have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Ventura's copyrights by reproducing, displaying, distributing and utilized the Videos for purposes of trade violation of 17 U.S.C. § 501 *et seq.*

33. On information and belief, Defendants have willfully infringed, and unless enjoined, will continue to infringe Ventura's copyrights by knowingly reproducing, displaying, distributing and utilizing the Videos for purposes of trade.

34. All of the Defendant's acts are and were performed without the permission, license or consent of Ventura.

35. The said wrongful acts of Defendants have caused, and are causing, great injury to Ventura, which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Ventura will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Ventura seeks a declaration that Defendants are infringing Ventura's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Ventura' copyrights.

36. As a result of the acts of Defendants alleged herein, Ventura has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

37. Because of the willful nature of the copyright infringement, Ventura is entitled to an award of statutory damages equal to $150,000 per infringement.

38. Ventura has identified at least 30 instances of infringement on www.cliphunter.com by way of unlawful reproduction and display of the Videos (as well as the unlawful facilitation of other's reproduction of the Videos), and is therefore entitled to a potential award of $4,500,000 in statutory damages by Defendants. If other infringements are discovered in this case, this pleading will be augmented accordingly.

39. Ventura is also entitled to its attorney's fees in prosecuting this action under 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement Against all Defendants)

40. Plaintiff Ventura incorporates here by reference the allegations in paragraphs 1 through 39 above.

41. Users of Defendants' Website have infringed and are infringing Ventura's rights in their registered copyrighted works by inter alia uploading and downloading infringing copies of Ventura's copyrighted works listed in Exhibit A hereto on the Website. Defendants' users are therefore directly infringing Ventura's exclusive rights of reproduction and distribution under 17 U.S.C. § 106.

42. Defendants are liable under the Copyright Act for inducing the infringing acts of Defendants' users. Defendants operate and maintain their sites with the object of promoting their use to infringe Ventura's copyrighted works. Defendants' inducement of copyright infringement is apparent from, among other things, the predominantly infringing content available on their sites; Defendants' open listing, categorization, and advertising of obviously infringing works; Defendants' express invitations to view the most sought-after video content for free; Defendants' failure to make any earnest effort to prevent or filter copyright infringement on their sites; and Defendants' business model for the Website, which is dependent upon widespread copyright infringement including the offering of

incentive programs rewarding users for uploading content. Defendants unlawfully have induced the direct infringement of Ventura's copyrighted works listed on Exhibit A hereto, in violation of Ventura's exclusive rights under the copyright laws of the United States. 17 U.S.C. § 106.

43. In addition, Defendants have actual and constructive knowledge of the infringing activity that occurs on and through their sites. Through the creation, maintenance, and operation of the sites and facilities for this infringement, Defendants knowingly cause and/or otherwise materially contribute to the unlawful reproduction, distribution, and public performance and display of Ventura's copyrighted works, including those listed on Exhibit A hereto, in violation of Ventura's exclusive rights under the copyright laws of the United States.

44. The foregoing acts of infringement by Defendants have been willful, intentional and purposeful, in disregard of and indifferent to Ventura's rights.

45. As a direct and proximate result of Defendants' infringement of Ventura's copyrights and exclusive rights under copyright, Ventura is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at Ventura's election, pursuant to 17 U.S.C. § 504(b), Ventura shall be entitled to its actual damages, including Defendants' profits from infringement, as will be proven at trial.

46. Ventura further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

47. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Ventura great and irreparable injury that cannot fully be compensated for or measured in money. Ventura has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Ventura is entitled to an injunction prohibiting further infringements of its copyrights and exclusive rights under copyright.

# THIRD CLAIM FOR RELIEF

(**Vicarious Copyright Infringement Against all Defendants**)

48. Plaintiff Ventura incorporates here by reference the allegations in paragraphs 1 through 47 above

49. Users of Defendants' Website have infringed and are infringing Ventura's rights in their registered copyrighted works by inter alia uploading and downloading infringing copies of Ventura's copyrighted works listed in Exhibit A hereto on the Website. Defendants' users are therefore directly infringing Ventura's exclusive rights of reproduction and distribution under 17 U.S.C. § 106.

50. Defendants are vicariously liable for such infringing acts. Defendants have the right and ability to supervise and control the infringing activities that occur through the use of their Website, and at all relevant times have derived a direct financial benefit attributable to the infringement through that site. Defendants are therefore vicariously liable for the unlawful reproduction and distribution of Ventura's copyrighted works listed on Exhibit A hereto, in violation of Ventura's exclusive rights under the copyright laws of the United States.

51. The foregoing acts of infringement by Defendants have been willful, intentional and purposeful, in disregard of and indifferent to Ventura's rights.

52. As a direct and proximate result of Defendants' infringement of Ventura's copyrights and exclusive rights under copyright, Ventura is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at Ventura's election, pursuant to 17 U.S.C. § 504(b), Ventura shall be entitled to its actual damages, including Defendants' profits from infringement, as will be proven at trial.

53. Ventura further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

54. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Ventura great and irreparable injury that cannot fully be compensated for or measured in money. Ventura has no adequate remedy at law.

55. Pursuant to 17 U.S.C. § 502, Ventura is entitled to a preliminary and permanent injunction prohibiting further infringements of its copyrights and exclusive rights under copyright.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. The Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet web sites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff Ventura's rights in the Videos.

2. Defendants be held liable to Plaintiff in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c) and for costs, interest and reasonable attorney's fees pursuant to 17 U.S.C. § 505, for an amount of $4,500,000 plus fees.

3. An accounting be made for all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

4. Requiring Defendants to account for and pay over to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff

12
COMPLAINT

for all damages suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

5. Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

6. For Ventura's costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

7. For pre- and post-judgment interest according to law

8. That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated: June 27, 2012

                        **ONE LLP**

                        By: _____
                            Imran F. Vakil, Esq.
                            Attorneys for Plaintiff,
                            Ventura Content Ltd.

# DEMAND FOR JURY TRIAL

Plaintiff Ventura Content, Ltd. hereby demands trial by jury of all issues so triable under the law.

Dated: June 27, 2012

                      **ONE LLP**

By: _____
    Imran F. Vakil, Esq.
    Attorneys for Plaintiff,
    Ventura Content Ltd.

# EXHIBIT "A"

| No. | Short Title/ Episode Number | Copyright Registration Number | Copyright Registration Effective Date | Upload Date |
|---|---|---|---|---|
| 1 | HFA190 | PA0001678353 | March 30, 2010 | June 25, 2011 |
| 2 | HFA197 | PA0001678353 | March 30, 2010 | June 25, 2011 |
| 3 | HFA213 | PA0001678353 | March 30, 2010 | June 25, 2011 |
| 4 | ASP065 | PA0001649295 | January 23, 2009 | June 20, 2011 |
| 5 | CST022 | PA0001649295 | January 23, 2009 | June 20, 2011 |
| 6 | HFB191 | PA0001646260 | November 12, 2008 | June 26, 2011 |
| 7 | HFB201 | PA0001653824 | November 13, 2008 | June 26, 2011 |
| 8 | HFB202 | PA0001653824 | November 13, 2008 | June 26, 2011 |
| 9 | HFB205 | PA0001653824 | November 13, 2008 | June 26, 2011 |
| 10 | CST109 | PA0001649208 | January 23, 2009 | June 26, 2011 |
| 11 | CST111 | PA0001649208 | January 23, 2009 | September 23, 2011 |
| 12 | CST112 | PA0001649208 | January 23, 2009 | June 26, 2011 |
| 13 | CST122 / CST122 | PA0001649208 | January 23, 2009 / January 23, 2009 | June 26, 2011 / September 23, 2011 |
| 14 | CST008 | PA0001339094 | June 29, 2006 | June 18, 2011 |
| 15 | HFDP117 | PA0001673967 | January 22, 2010 | July 4, 2011 |
| 16 | HFDP115 | PA0001649271 | January 23, 2009 | July 20, 2011 |
| 17 | HFDP131 | PA0001649271 | January 23, 2009 | July 18, 2011 |
| 18 | HFDP143 / HFDP143 | PA0001649271 | January 23, 2009 / January 23, 2009 | July 7, 2011 / July 20, 2011 |
| 19 | HFDP163 | PA0001680245 | May 7, 2010 | September 20, 2011 |
| 20 | HFDP175 | PA0001680245 | May 7, 2010 | September 20, 2011 |
| 21 | HFDP176 | PA0001680245 | May 7, 2010 | September 20, 2011 |
| 22 | HFDP181 | PA0001680245 | May 7, 2010 | September 20, 2011 |
| 23 | HCG004 | PA0001673969 | January 22, 2010 | July 2, 2011 |
| 24 | HCG005 | PA0001673969 | January 22, 2010 | July 2, 2011 |
| 25 | HCT002 | PA0001383963 | May 4, 2007 | April 26, 2011 |
| 26 | HCT016 | PA0001678345 | March 30, 2010 | September 28, 2011 |
| 27 | HCT019 | PA0001678345 | March 30, 2010 | September 28, 2011 |
| 28 | HCT035 | PA0001678345 | March 30, 2010 | October 10, 2011 |
| 29 | WS027 | PA0001673990 | February 2, 2010 | July 4, 2011 |
| 30 | WS050 | PA0001673990 | February 2, 2010 | July 4, 2011 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

**CV12- 5716 MMM (MRWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Peter R. Afrasiabi (pafrasiabi@onellp.com)
Imran F. Vakil (ivakil@onellp.com)
ONE LLP   4000 MacArthur Blvd
Suite 1100, Newport Beach, CA 92660
P (949) 502-2870   F (949) 258-5081

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENTURA CONTENT, LTD., an Anguillan corporation,<br><br>PLAINTIFF(S)<br>v.<br><br>GOTYS PRODUCTIONS, INC. D/B/A CLIPHUNTER.COM, a Seychelles Corporation; GREEN PARK HOLDINGS, LLC; et al.<br><br>_See attached_   DEFENDANT(S). | CASE NUMBER<br><br>CV12-05716 MMM(MRWx)<br><br>SUMMONS |

TO: DEFENDANT(S): GOTYS PRODUCTIONS, INC. D/B/A CLIPHUNTER.COM; GREEN PARK HOLDINGS, LLC; JUSTIN ELEAZER; and DOES 1-10 inclusive.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Imran F. Vakil_____, whose address is ONE LLP, 4000 MacArthur Blvd, Suite 1100, Newport Beach, CA 92660_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUL - 2 2012

Dated: _____

Clerk, U.S. District Court

JULIE PRADO

By: _____
Deputy Clerk

(Seal of the Court)

_[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)]._

---

CV-01A (12/07)                                    SUMMONS

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
VENTURA CONTENT, LTD.,

**DEFENDANTS**
GOTYS PRODUCTIONS, INC. D/B/A CLIPHUNTER.COM; GREEN PARK HOLDINGS, LLC; JUSTIN ELEAZER; and DOES 1-10, Inclusive.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
John Tehranian (Bar No. 211616); Imran F. Vakil (Bar No. 248859)
One LLP, 4000 MacArthur Blvd. Suite 1100
Newport Beach, CA 92660   Telephone: (949) 502-2870

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ proven at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Infringement, Permanent Injunction, and Damages

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-05716

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Anguilla |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | (1) Seychelles<br>(2) Centre County, Pennsylvania |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date July 2, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |